Filed 10/17/24

VERMONT SUPERIOR COURT

Orleans Unit
247 Main Street
Newport VT 05855
802-334-3305
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 23-CV-04339

Eve Fournier et al v. Rainey Wood et al

## ORDER

Following lengthy proceedings in this case, the court issued a writ of possession in June 2024, and following a hearing on August 9, ordered that the mobile home left on the property be deemed abandoned if not removed by September 19, 2024. Defendant Rainey Wood and nonparty Christina Rollins have recently submitted filings contesting a finding of abandonment.

Mr. Wood's filing indicates that he did not receive notice of the August 9 hearing and that he would like more time to remove the mobile home.

When Mr. Wood indicated that he would represent himself in this case, he agreed to "[n]otify the court in writing of any changes in [his] mailing address, phone number, or email address." Notice of Appearance for Self-Represented Party (Dec. 22, 2023); *see also* V.R.C.P. 4(d) ("When a party who is not an attorney is self-represented, the party must complete and sign a notice of appearance form for self-represented parties, providing a telephone number, street address, and mailing address if different. The party must provide an email address if the party has one and indicate if the party consents to receive service by email at that address. Even if a self-represented party has not consented or agreed to service by email, if the self-represented party has no valid physical or postal address, the self-represented party may be served by email at any email address that the party has provided in a court filing."). The court has sent Mr. Wood notification of all hearings to the contact information he provided. Mr. Wood never provided the court with updated contact information. "While [the courts] accord pro se litigants some leeway, they must still follow ordinary rules of procedure." *State v. Menize*, 2023 VT 48, ¶ 19, 308 A.3d 507. It was Mr. Wood's obligation to ensure that the court had accurate contact information to provide him with notice of the proceedings in this case.

Moreover, Mr. Wood has long been on notice that he needed to remove his mobile home from the property. In February 2024, the court issued an order directing Mr. Wood to remove the mobile home by May 31. On May 28, in response to Mr. Wood's motion to extend, the court ordered that he have until June 17, and indicated that no further extensions would be granted "unless unanticipated circumstances arise and good cause is shown." As noted above, the court thereafter issued a writ of possession and held a hearing on the abandonment issue, which Mr. Wood did not attend. He did not provide updated contact information or file anything with the court until September 28. Under the circumstances, the court concludes that the mobile home has been abandoned.

Nonparty Christina Rollins has also recently submitted a filing to the court indicating that she, along with Mr. Wood, is a co-owner of the mobile home left on the property, and that she would like more time to remove the mobile home from the property. This action has been pending since October 2023. By her own admission, Ms. Rollins had not lived on the property or in the mobile home for nearly ten years when the action was filed, and she has known since at least July that Mr. Wood had been evicted. Her late claim of co-ownership does not disturb the court's conclusion that the mobile home has been abandoned. Under these circumstances, the court cannot conclude that Ms. Rollins is a necessary party that must be joined to this action, and as a nonparty, she lacks standing to participate in these proceedings. *See* V.R.C.P. 19.

Accordingly, the court orders as follows:

- The mobile home is deemed abandoned.

- The clerk shall set this matter for a one-hour hearing on plaintiff's claim for damages against defendants Rainey Wood and Katie Lucas.

Electronically signed on: 10/17/2024 pursuant to V.R.E.F. 9(d)

_____
Benjamin D. Battles
Superior Court Judge